# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-1893V
Filed: September 23, 2024

| | |
|---|---|
| ROSEMARY HARVILLE,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Master Horner |

*Phillip S. Georges, Phillip S. Georges, PLLC, Nashville, TN, for petitioner.*
*Lynn Christina Schlie, U.S. Department of Justice, Washington, DC, for respondent.*

### ORDER CONCLUDING PROCEEDINGS[1]

On September 23, 2021, petitioner filed a filed a petition for compensation under the National Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012), alleging that she suffered a Table Injury of Guillain-Barré syndrome as a result of an influenza ("flu") vaccination she received on September 27, 2018. (ECF No. 1.) She subsequently filed an amended petition alleging that she suffered a Table Injury of Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her September 27, 2018 flu vaccination. (ECF No. 24.)

Between September of 2021 and May of 2023, petitioner filed medical records and an affidavit by petitioner. (ECF Nos. 1, 14, 22, 24.) Petitioner also filed a report by neurologist Christopher D. Lee, M.D. (ECF No. 14; Ex. 5.) On July 20, 2023, respondent filed his Rule 4 report, recommending against compensation. (ECF No. 27.) In the spring of 2024, respondent filed responsive reports by rheumatologist Roland Staud, M.D., and neurologist Kourosh Rezania, M.D. (ECF Nos. 36, 39, 41; Exs. A-D.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

On April 16, 2024, I filed a Rule 5 Order, discussing my preliminary evaluation of the record evidence and stating my tentative conclusions with regards to petitioner's likelihood to succeed. (ECF No. 40.) I noted that petitioner's proffered medical opinion was limited to supporting a Table SIRVA claim, which is subject to four Qualifications and Aids to Interpretation ("QAI") criteria. (*Id.* at 2.) However, I noted that petitioner was unlikely to demonstrate that her pain and reduced range of motion were limited to the shoulder in which she received her vaccination or that there is no other condition or abnormality would explain her symptoms, as required by the QAI. (*Id.* at 2-3.) Accordingly, I recommended "that petitioner give strong consideration to voluntarily dismissing her claim" as she "has little to no possibility of prevailing as her claim is currently couched." (*Id.* at 3.) I explained that, if petitioner intended to proceed with her claim, then she would likely need to provide an expert orthopedic and/or rheumatologic opinion sufficient to prove causation-in-fact and to persuasively counter Dr. Staud's opinion on respondent's behalf. (*Id.* at 3-4.)

On September 23, 2024, petitioner filed a joint stipulation of dismissal pursuant to Vaccine Rule 21(a).[2] (ECF No. 47.) Accordingly, pursuant to Vaccine Rule 21(a), this case is hereby **dismissed without prejudice**. The Clerk of the Court is hereby instructed that a **judgment shall not enter** in the instant case pursuant to Vaccine Rule 21(a).

**IT IS SO ORDERED.**

                                                **s/Daniel T. Horner**
                                                Daniel T. Horner
                                                Special Master

---

[2] The stipulation was incorrectly filed as a motion; however, the document itself is a joint stipulation of dismissal.